CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

August 29, 2024

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DARRYL LESTER, JR., )<br>    Petitioner, ) | Civil Action Nos. 7:24cv000456 |
| )<br>v. )<br>) | |
| WARDEN KEEN MOUNTAIN, )<br>    Respondent. ) | By: Elizabeth K. Dillon<br>    Chief United States District Judge |

**MEMORANDUM OPINION AND ORDER**

Darryl Lester, Jr., a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) In it, petitioner is challenging a state conviction and sentence that was entered in 2014 and affirmed on appeal in 2015. (*See id.*)

On July 22, 2024, the court issued an order conditionally filing this action and directing petitioner to address the apparent untimeliness of his petition within thirty days. (Dkt. No. 2.) The court warned that failure to respond to the court's directive could result in the dismissal of this matter as untimely. Petitioner failed to respond to the court's order within the time allotted.[1]

The limitation period for filing a § 2254 petition concerning a specific state court judgment begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[1] The court also ordered petitioner to file a consent to fee form or to pay the filing fee. The consent to fee form was filed on August 5, 2024. (Dkt. No. 3.)

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section § 2244(d)(2) provides that periods of time during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244(d)(1)."

In this matter, the one-year period began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A), which is in 2015 when Lester's conviction was affirmed on direct appeal. Lester's only attempt to explain the lateness of this action is his reference to a collateral motion that was filed and denied in 2024. (Dkt. No. 1-1.) While the pendency of such an action would toll the one-year limitations period if it had yet to expire, the period expired long before this filing, and petitioner does not attempt to explain his delay of nearly a decade in pursuing relief in federal court.

Accordingly, it is HEREBY ORDERED that this matter is DISMISSED as untimely. Finding that petitioner has not made a substantial showing of the deprivation of a constitutional right, 28 U.S.C. § 2253(c), the court DECLINES to issue a certificate of appealability. The Clerk shall transmit a copy of this order to Lester.

Entered: August 29, 2024.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge